IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15MC44 |
| | ) | |
| WAYNE C. LONNEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon the Government's petition to enforce Internal Revenue Service ("IRS") summonses. (Docket Entry 1.) On October 21, 2015, a show cause hearing was held for respondents Wayne C. Lonnen and Karen A. Lonnen, both appearing *pro se*. (Minute Entry dated 10/21/15.) The undersigned allowed both parties to submit additional briefs to the Court and continued the show cause hearing until November 18, 2015.[1] (Docket Entries 8-10; minute entry dated 11/18/15.) For the reasons set forth below, the Court recommends that the Government's petition be granted.

## I. BACKGROUND

On July 29, 2015, the Government filed a petition to enforce IRS summonses issued to respondents. (Docket Entry 1.) In the Show Cause Order, the Court informed respondents to file in writing any opposition to the petition. (Docket Entry 3.) Respondents filed a

---

[1] Mrs. Lonnen was represented by counsel at the November 18, 2015 hearing. Mr. Lonnen appeared *pro se*.

response, asserting that: (1) IRS Agent Karl D. Weeman failed to provide Mr. Lonnen with requested documents, (2) that Mr. Lonnen never refused to testify or produce documents at the summons interview, (3) that Mrs. Lonnen intended to exercise her spousal privileges, and (4) that the Lonnens were being targeted to "initiate a criminal investigation." (Docket Entry 5.) Respondents seek, inter alia, a court ruling requiring Agent Weeman to "immediately cease and desist from any further action." (*Id.*) During the show cause hearings and in supplemental briefs submitted to the Court, both parties addressed these arguments as well as Mr. Lonnen's assertion of his Fifth Amendment privilege against self-incrimination. (Docket Entries 8-10; minute entries dated 10/21/15 & 11/18/15.)

## II. DISCUSSION

To obtain enforcement of an IRS summons, the Government may establish its prima facie case showing that the four *Powell* factors: "1) the investigation is being conducted for a legitimate purpose; 2) the inquiry is relevant to that purpose; 3) the information sought is not already in the possession of the IRS; and 4) the administrative steps required by the Code have been followed." *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987) (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "The IRS may establish its prima facie case by an affidavit of the investigating agent averring the four elements from *Powell*." *United States v. Walton*, 989 F.2d 497 (4th Cir. 1993). The burden then shifts to the party contesting the summons to show that "the IRS is attempting to abuse the court's process. Such an abuse would take place . . . if the summons had been issued for an improper purpose, such as to harass the taxpayer . . . or for any other purpose reflecting on the good faith of the particular investigation." *Conner v. United States*, 434 F.3d 676, 680 (4th Cir. 2006) (quoting *United States v. Stuart*, 489 U.S. 353,

360 (1989).

Here, the Government has presented the affidavit and testimony of IRS Agent Weeman. The Court found that the IRS satisfied a prima facie showing articulated in *Powell*. (Docket Entry 3 at 2.) Respondents were given the opportunity to disprove the prima facie showing or show an abuse of process. As to Mr. Lonnen, the undersigned finds that he has presented no evidence to oppose the Government's prima facie showing. To the extent Mr. Lonnen's objections contest the fourth factor in *Powell*, Mr. Lonnen has made no showing that the applicable administrative steps to the IRS code were not followed. Mr. Lonnen argues that he made several requests for a "Notice of Deficiency" and "Demand for payment," which neither appear to be relevant to the enforcement of the summonses at issue.[2] Moreover, Mr. Lonnen argues that he did not receive a tax assessment, but any challenge to an assessment is not sufficient to "defeat the IRS's prima facie showing." *United States v. Harper*, 662 F.2d 335, 336 (5th Cir. 1981); *see also United States v. Battle*, 213 F. App'x 307, 310 (5th Cir. 2007) ("A summons-enforcement action is not the appropriate forum for challenging the validity of an assessment."); *United States v. Heck*, 25 F.3d 1059 (10th Cir. 1994) ("A taxpayer cannot use a summons enforcement proceeding as a forum in which to contest the validity of the underlying assessments."); *United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991) ("[Taxpayer] could not use the proceedings to enforce the IRS summons as a forum in which to contest

---

[2] Other courts have addressed "notice" requirements under the Fourth *Powell* factor as it relates to a summons issued to a thirty-party recordkeeper. *Cook v. United States*, 104 F.3d 886, 890 (6th Cir. 1997); *Travis v. Miki*, 394 F. Supp. 2d 1277, 1282 (D. Haw. 2005); *Adamowicz v. United States*, 531 F.3d 151, 162 (2d Cir. 2008); *Berkowitz v. United States*, No. CIV.A. 8:09-651-HMH, 2011 WL 4502374, at *8 (D.S.C. Sept. 9, 2011) *report and recommendation adopted*, No. CA 8:09-651-HMH-KFM, 2011 WL 4502246 (D.S.C. Sept. 29, 2011). This does not appear to be relevant to Mr. Lonnen's case.

3

the validity of the underlying assessments.")

Mr. Lonnen also asserts a Fifth Amendment privilege against self-incrimination, which the Court finds that Mr. Lonnen has failed to substantiate. IRS summonses are subject to the Fifth Amendment privilege, however, the taxpayer "'must provide more than mere speculative, generalized allegations of possible tax-related prosecution . . . . [T]he taxpayer must be faced with substantial and real hazards of self-incrimination.'" *United States v. Argomaniz*, 925 F.2d 1349, 1353 (11th Cir. 1991) (quoting *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir.1985)). "[T]he privilege may not . . . be invoked on no more than the mere assertion by one claiming the privilege that information sought by the government may be incriminating. Whether there is a sufficient hazard of incrimination is of course a question for the courts asked to enforce the privilege." *United States v. Sharp*, 920 F.2d 1167, 1170 (4th Cir. 1990) (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951)). Thus, the Court asks two questions regarding the information sought from the person asserting the privilege: (1) whether it's facially evident, "in light of the question asked and the circumstances of its asking" or (2) whether "the person asserting the privilege [has] demonstrated its incriminating potential by further contextual proof." (*Id.* at 1171.)

Here, Mr. Lonnen interposed the Fifth Amendment to the following questions derived from IRS Form 433-A[3] during his hearing:

- Are you married? (Section 1, Question 2a: Personal Information);

- Your wife's social security number is xxx-xx-xxxx? (Section 1, Question 3a: Personal Information);

---

[3] *See* IRS, Collection Information Statement for Wage Earners and Self-Employed Individuals Form, https://www.irs.gov/pub/irs-pdf/f433a.pdf (last accessed Dec. 14, 2015).

4

- Where do you work? (Section 2, Question 4a: Employment Information);

- Where does your wife work? (Section 2, Question 5a: Employment Information);

- Are you a party to a lawsuit? (Section 3, Question 6: Other Financial Information);

- Have you ever filed bankruptcy? (Section 3, Question 7: Other Financial Information);

- In the past 10 years, have you lived outside the United States? (Section 3, Question 8: Other Financial Information);

- Are you a beneficiary of a trust, estate, or life insurance policy? (Section 3, Question 9a: Other Financial Information);

- Are you a contributor to a trust, estate, or life insurance policy? (Section 3, Question 9b: Other Financial Information);

- Do you own a safety deposit box? (Section 3, Question 10: Other Financial Information);

- Have you transferred any assets for less than full value in the last 10 years? (Section 3, Question 11: Other Financial Information);

- How much cash do you have on hand? (Section 4, Question 12: Personal Asset Information);

- Do you have any stocks, bond, mutual funds or 401(k)s? (Section 4, Question 14a: Personal Asset Information);

- Do you have any credit cards or available credit? (Section 4, Question 15a: Personal Asset Information);

- Do you have a life insurance policy? (Section 4, Question 16a: Personal Asset Information);

- Do you own any property? (Section 4, Question 17a: Personal Asset Information);

- Do you own any vehicles? (Section 4, Question 18a: Personal Asset Information);

- Do you own any personal assets? (Section 4, Question 19a: Personal Asset Information);

- Do you own any business or sole proprietorship? (Section 6, Question 51: Business Information);

- How much do you bring in a month? (Section 7, Sole Proprietorship Information);

- Do you have any income coming in? (Section 5, Monthly Income and Expenses);

- How much do you spend on food and clothing? (Section 5, Monthly Income and Expenses);

- How much do you spend on housing? (Section 5, Monthly Income and Expenses);

- How much do you pay for your vehicles? (Section 5, Monthly Income and Expenses);

- How much do you pay for gas? (Section 5, Monthly Income and Expenses);

- Do you take public transportation? (Section 5, Monthly Income and Expenses);

- Do you have health insurance? (Section 5, Monthly Income and Expenses)[4]

Here, the questions asked by the IRS agent relate to Mr. Lonnen's current asset holdings, and "thus, are not inherently incriminating in nature." *United States v. Redhead*, 194 F. App'x 234, 236 (5th Cir. 2006) (unpublished). This action was brought for collecting information to assess the ability to pay a tax liability, not to establish the underlining tax liability itself. Furthermore, there is no contextual proof to show that the information sought is incriminating. Mr. Lonnen asserts that the IRS is gathering the information sought to create a link of evidence to initiate criminal proceedings against him, but the "data [sought] says little that provides a link to a past transgression." *United States v. St. John*, No. 8:11-MC-99-T-27MAP, 2013 WL 1610833, at *4 (M.D. Fla. Mar. 18, 2013) *report and recommendation adopted*, No. 8:11-MC-00099-JDW, 2013 WL

---

[4] Audio Recording: Interview by IRS Agent Karl D. Weeman with Mr. Wayne C. Lonnen (Mar. 11, 2015 (on file with the Court).

6

1624216 (M.D. Fla. Apr. 15, 2013); *United States v. Elmes*, No. 09-61726-MC, 2009 WL 4885146, at *4 (S.D. Fla. Dec. 17, 2009) ("[I]nformation regarding the respondent's current financial status does not provide a real and substantial hazard of criminal prosecution.").[5] Therefore, Mr. Lonnen does not have valid Fifth Amendment claim as to these questions.[6]

Mrs. Lonnen, who was also served a summons to appear for an interview and to produce documents, has claimed the marital communications privilege. The marital communication privilege "prevents a spouse from testifying against [respondent] regarding confidential communications between the spouses." *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995). At the November 18, 2015 hearing, Respondent's counsel indicated that Mrs. Lonnen intends to comply with the summons while "honoring her marital relationship." (Minute entry dated 11/18/15.) Both the Government and Respondent's counsel agreed to entry of an enforcement order requiring Mrs. Lonnen to appear for an interview and assert her marital communications privilege when applicable.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that the Government's Petition to Enforce IRS Summonses (Docket Entry 1) be **GRANTED** and that an Order be entered compelling Respondents Wayne C. Lonnen and Karen A. Lonnen to obey the Internal Service Summons served on both parties, by producing to IRS Revenue

---

[5] Moreover, it appears the statute of limitations for willful failure to file may present legal barriers to prosecution as the summons covers tax liability for years 2003-2006. *St. John*, 2013 WL 1610833, at *4; *see also* 26 U.S.C. § 6531 (periods of limitation on criminal prosecutions).

[6] The Court also notes that Mr. Lonnen did not invoke his Fifth Amendment privilege (at the IRS interview or the Court hearing) as to the production of documents requested in the summons. Thus, Mr. Lonnen should be ordered to produce such documents.
7

Officer Karl D. Weeman, or any other person designated by the IRS, all books, records, papers, and other data that are demanded by the summons and that are in his possession, custody, or control, within 45 days of the date of this Order.

**IT IS FURTHER RECOMMENDED** that Respondents obey and fully comply with the IRS summonses at issue in this proceeding by contacting IRS Revenue Officer Karl D. Weeman, or any other person designated by the IRS, to schedule both interviews at a mutually agreeable time, which interviews shall take place after the production of records described above, within 45 days of the date of this Order, and by attending and fully answering all questions asked of both parties at such interviews. In answering fully all questions asked, Mrs. Lonnen should be allowed to invoke her marital communications privilege when applicable.

**IT IS FURTHER ORDERED** that the United States Marshal for this District serve a copy of this Order personally upon Wayne C. Lonnen and Karen A. Lonnen, within fourteen (14) days of the date of this Order and Recommendation.

This the 18th day of December, 2015.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge