IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,      )
                               )
            Petitioner,        )
                               )
      v.                       )        1:15MC44
                               )
WAYNE C. LONNEN,               )
                               )
            Respondent.        )


### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

The United States ("Petitioner") has moved for civil
contempt sanctions against Wayne C. Lonnen ("Respondent"), (Doc.
18), for violating this court's March 28, 2016 Order. (See Order
(Doc. 15).) For the following reasons, this court finds by clear
and convincing evidence that Respondent is in contempt as the
result of his refusal to comply with the summonses issued by the
Internal Revenue Service ("IRS").  This court further finds that
Petitioner's motion should be granted.

I.    **PROCEDURAL HISTORY**

On July 29, 2015, Petitioner filed a petition to enforce
IRS summonses as to Respondent and his wife, Karen A. Lonnen.[1]
(See Petition to Enforce Internal Revenue Service Summonses

---

[1] The petition as to Karen A. Lonnen appears to have been
resolved and is not an issue presently before this court.

("Pet. to Enforce") (Doc. 1) at 1, 5-6.) The petition specifically requested that Respondent and his wife be ordered "to obey the summonses by giving testimony and producing the books, records, papers, and other data that are demanded by the summonses" to the IRS. (Id. at 1.) On September 8, 2015, an amended order to show cause was issued, which set a hearing on the petition and directed the Respondent to file any written defense or opposition prior to the hearing. (See Amended Order (Doc. 3) at 1-3.)

On October 21, 2015, a hearing was held before the Magistrate Judge during which the parties presented evidence. (See Minute Entry 10/21/2015.) The hearing was continued and the parties were directed to provide supplemental briefing to the court. (See id.) A second hearing was held on November 18, 2015. (See Minute Entry 11/18/2015.) On December 18, 2015, the Magistrate Judge entered his Order, Memorandum Opinion and Recommendation ("Recommendation") finding, inter alia, that the IRS had satisfied its prima facie showing as required by United States v. Powell, 379 U.S. 48 (1964), Respondent had failed to rebut that showing, and an order should "be entered compelling Respondent[] . . . to obey the Internal Service Summons . . . ." (Recommendation (Doc. 11) at 2-4, 7-8.)

The Recommendation specifically addressed the assertion by Respondent of his Fifth Amendment privilege against self-incrimination. (Id. at 4-7.) It held that Respondent "failed to substantiate" his claim of privilege and that he "does not have [a] valid Fifth Amendment claim as to the[] questions" propounded by the IRS. (Id. at 4, 7.) The Recommendation further noted that Respondent "did not invoke his Fifth Amendment privilege . . . as to the production of documents requested in the summons.  Thus, [he] should be ordered to produce such documents." (Id. at 7 n.6.)

No objections were filed in response to the Recommendation, and on March 28, 2016, this court entered an order requiring Respondent to obey and fully comply with the summons.  (See Order (Doc. 15) at 1-2.)

Following entry of this court's March 28, 2106 order, the IRS conducted an interview of Respondent and, thereafter, Petitioner filed the pending motion for civil contempt sanctions. (See Petitioner United States' Motion for Civil Contempt Sanctions Against Respondent Wayne C. Lonnen ("Mot. for Contempt") (Doc. 18).) This court held a hearing on this motion on August 1, 2016, during which it heard from the parties. (See Minute Entry 08/01/2016.) After hearing from the parties, this

- 3 -

court continued the hearing to August 4, 2016, and ordered the parties to appear at an interview in this Courthouse on August 4, 2016, at 1:00 p.m., for the purpose of determining whether, after hearing from the court, Respondent intended to persist in asserting his Fifth Amendment privilege, thereby refusing to provide substantive answers to the questions propounded.  (See id.)

## II.  **FACTS**

The summons issued to Respondent arose as a result of an IRS "investigation for the collection of [Respondent's] federal income tax debts for taxable years 2003, 2004, 2005 and 2006." (Pet. to Enforce, Ex. 1, Declaration of Karl D. Weeman ("Weeman Decl.") (Doc. 1-1) ¶¶ 2, 4.)  The summons required Respondent "to appear . . . [and] give testimony" and records "regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest[,]" including "bank statements, checkbooks, canceled checks, saving account passbooks, [and] records or certificates of deposit" for the year of 2014. (Pet. to Enforce, Ex. 2, Summons (Doc. 1-2) at 1.) The summons further required that

- 4 -

Respondent bring current information regarding his present

assets. (Id.)[2]

At the original interview pursuant to the summons,

[Respondent] interposed the Fifth Amendment to the
following questions derived from IRS Form 433-A . . .:

- Are you married? (Section 1, Question 2a:
  Personal Information);

- Your wife's social security number is xxx-xx-
  xxxx? (Section 1, Question 3a: Personal
  Information);

---

[2] Specifically, the Summons detailed:

You are hereby summoned and required to appear before
KARL D WEEMAN, an Internal Revenue Service (IRS)
officer, to give testimony and to bring for
examination the following information . . .:

All documents and records you possess or control
regarding assets, liabilities, or accounts held in the
taxpayer's name or for the taxpayer's benefit which
the taxpayer wholly or partially owns, or in which the
taxpayer has a security interest. These records and
documents include but are not limited to: all bank
statements, checkbooks, canceled checks, savings
account passbooks, records or certificates of deposit
for the period:

    From 01/01/2014 To 12/3/2014

Also include all current vehicle registration
certificates, deeds or contracts regarding real
property, stocks and bonds, accounts, notes and
judgments receivable, and all life or health insurance
policies.

(Pet. to Enforce, Ex. 2, Summons (Doc. 1-2) at 1.)

- 5 -

- Where do you work? (Section 2, Question 4a: Employment Information);

- Where does your wife work? (Section 2, Question 5a: Employment Information);

- Are you a party to a lawsuit? (Section 3, Question 6: Other Financial Information);

- Have you ever filed bankruptcy? (Section 3, Question 7: Other Financial Information);

- In the past 10 years, have you lived outside the United States? (Section 3, Question 8: Other Financial Information);

- Are you a beneficiary of a trust, estate, or life insurance policy? (Section 3, Question 9a: Other Financial Information);

- Are you a contributor to a trust, estate, or life insurance policy? (Section 3, Question 9b: Other Financial Information);

- Do you own a safety deposit box? (Section 3, Question 10: Other Financial Information);

- Have you transferred any assets for less than full value in the last 10 years? (Section 3, Question 11: Other Financial Information);

- How much cash do you have on hand? (Section 4, Question 12: Personal Asset Information);

- Do you have any stocks, bond, mutual funds or 401(k)s? (Section 4, Question 14a: Personal Asset Information);

- Do you have any credit cards or available credit? (Section 4, Question 15a: Personal Asset Information);

- 6 -

- Do you have a life insurance policy? (Section 4, Question 16a: Personal Asset Information);

- Do you own any property? (Section 4, Question 17a: Personal Asset Information);

- Do you own any vehicles? (Section 4, Question 18a: Personal Asset Information);

- Do you own any personal assets? (Section 4, Question 19a: Personal Asset Information);

- Do you own any business or sole proprietorship? (Section 6, Question 51: Business Information);

- How much do you bring in a month? (Section 7, Sole Proprietorship Information);

- Do you have any income coming in? (Section 5, Monthly Income and Expenses);

- How much do you spend on food and clothing? (Section 5, Monthly Income and Expenses);

- How much do you spend on housing? (Section 5, Monthly Income and Expenses);

- How much do you pay for your vehicles? (Section 5, Monthly Income and Expenses);

- How much do you pay for gas? (Section 5, Monthly Income and Expenses);

- Do you take public transportation? (Section 5, Monthly Income and Expenses);

- Do you have health insurance? (Section 5, Monthly Income and Expenses)

(See Recommendation (Doc. 11) at 4-6.)

In adopting the Recommendation, this court granted "the Government's Petition to Enforce IRS Summonses." (Order (Doc. 15) at 1.)  This court ordered Respondent to "obey the Internal Revenue summonses . . . by producing to IRS Revenue Officer Karl D. Weeman, or any other person designated by the IRS, all books, records, papers, and other data that are demanded by the summonses and that are in their possession, custody, or control . . . ." (Id. at 1-2.)  This court further ordered Respondent to

> obey and fully comply with the summonses by contacting Karl D. Weeman, or any other person designated by the IRS, to schedule both interviews at a mutually agreeable time, which interviews shall take place after the production of records described above, within 45 days of the date of this Order, and by attending and fully answering all questions asked of both parties at such interviews.

(Id. at 2.)  Respondent was directed to appear and respond to the summons within 45 days of the date of the order.  (Id.)

Thereafter, Respondent did appear for an interview as ordered. (Memorandum in Support of Petitioner United States' Motion for Civil Contempt Sanctions Against Respondent Wayne C. Lonnen, Ex. 1, Second Declaration of Karl D. Weeman ("Second Weeman Decl.") (Doc. 19-1) ¶¶ 3-4.)  IRS Revenue Officer Weeman asked Respondent for the materials described in the summons, and Respondent responded that he could not "be forced to produce the

- 8 -

summoned materials because he was not provided with prior notice of his duty to maintain such materials." (Id. ¶¶ 4-5.) IRS Revenue Officer Weeman "then asked [Respondent] the same questions . . . as [Weeman] had posed to him at the prior collection interview on January 14, 2015 . . . ." (Id. ¶ 6.) In response to most of the questions, Respondent asserted his Fifth Amendment privilege, but he also objected to several other questions on the grounds of relevance and overbreadth. (See id. ¶ 7.)

This court, in adopting the Recommendation, specifically found and held that Respondent "failed to substantiate" his claim of a Fifth Amendment privilege, (Recommendation (Doc. 11) at 4; see Order (Doc. 15) at 1), and that Respondent did "not have [a] valid Fifth Amendment claim as to the[] questions" propounded by the IRS. (Recommendation (Doc. 11) at 7; see Order (Doc. 15) at 1.) Respondent has presented no evidence that the Recommendation and subsequent order of this court are not clear. Further, Respondent has presented no evidence that he is presently unable to comply with the order of the court.

This court finds, by clear and convincing evidence, that Respondent's continued assertion of his Fifth Amendment privilege, thereby refusing to fully answer the questions

- 9 -

propounded by the IRS, constitutes a willful failure and refusal by Respondent to comply with this court's order dated and entered March 28, 2016. (See Order (Doc. 15).)

This court therefore finds, by clear and convincing evidence, that Respondent is in civil contempt of this court's order, in that Respondent has willfully refused, without just cause, to comply with the order of this court requiring him to obey the IRS summons referred to hereinabove by providing documents and responding to questions propounded. This court further finds that civil contempt sanctions are necessary to address Respondent's willful refusal to provide documents and information in response to the questions propounded by the IRS pursuant to the summons.

III. **ANALYSIS**

Sanctions for civil contempt may be imposed "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." In re Gen. Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995) (quoting Connolly v. J.T. Ventures, 851 F.2d 930, 932 (7th Cir. 1988)) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947)). The Fourth Circuit, in In re Gen. Motors Corp., 61 F.3d 256 (4th Cir. 1995), further stated that

- 10 -

> Civil contempt is an appropriate sanction if we can
> point to an order of this Court which "set[s] forth in
> specific detail an unequivocal command" which a party
> has violated. Ferrell v. Pierce, 785 F.2d 1372, 1378
> (7th Cir. 1986) (citation and internal quotation marks
> omitted); see also Project B.A.S.I.C. v. Kemp, 947
> F.2d 11, 16 (1st Cir. 1991) ("[C]ivil contempt will
> lie only if the putative contemnor has violated an
> order that is clear and unambiguous."). The burden is
> on the complainant to prove civil contempt by clear
> and convincing evidence. Id. Willfulness is not an
> element of civil contempt. McComb v. Jacksonville
> Paper Co., 336 U.S. 187, 191, 69 S. Ct. 497, 499, 93
> L.Ed. 599 (1949).

61 F.3d at 258. "The appropriate remedy for civil contempt is

within the court's broad discretion." Id. at 259 (citation

omitted). Available remedies can include fines and incarceration

if necessary to coerce compliance with a court order. See

United States v. Rylander, 460 U.S. 752, 761-762 (1983); In re

Gen. Motors Corp., 61 F.3d at 259; Enovative Techs., LLC v.

Leor, 110 F. Supp. 3d 633, 637 (D. Md. 2015). "Incarceration,

like other contempt sanctions, is proper upon a finding of civil

contempt as long as the purpose is to coerce compliance with a

court's order, rather than to punish for the contemnor's failure

to comply." Enovative Techs., 110 F. Supp. 3d at 637.

Respondent was previously cautioned by this court that "the

civil contempt power of this court includes the power to impose

monetary sanctions and incarceration." (Order (Doc. 24) at 4.)

Before turning to the issue of an appropriate sanction, this

- 11 -

court will address three issues raised by Respondent during the course of the August 1, 2016 hearing. Those three issues include Respondent's request to confront his accusers, Respondent's claim that he was not aware he could object to the Magistrate Judge's Recommendation prior to entry of this court's order adopting that Recommendation and the absence of counsel, and Respondent's claim that he no longer has records responsive to the summons.

### A. **Respondent's Right to Confront His Accusers**

During the August 1, 2016 hearing, Petitioner was asked whether it intended to present evidence. Petitioner advised that it did not, instead choosing to stand on the evidence presented in the record, which included the pleadings and two declarations by IRS Revenue Officer Karl Weeman. (See generally Weeman Decl. (Doc. 1-1); Second Weeman Decl. (Doc. 19-1).) Respondent contended that he should be entitled to confront his accusers, which this court construes as an objection to this civil contempt hearing proceeding without live testimony. This court disagrees.

Respondent's claim that he is entitled to confront his accusers implicates the Sixth Amendment's "guarantee that, '[i]n all criminal prosecutions, the accused shall enjoy the right . .

. to be confronted with the witnesses against him.'" <u>Crawford</u>
<u>v. Washington</u>, 541 U.S. 36, 38 (2004) (quoting U.S. Const.
amend. VI). As is self-evident from the quoted passage, the
Sixth Amendment applies to criminal prosecutions. This is a
civil case and therefore Respondent's Sixth Amendment right is
not implicated.

Nevertheless, although this is a civil case, there is some
authority upon which this proceeding could be construed as a
trial, in which case live testimony would be required. Although
the Fourth Circuit has not specifically addressed this issue,
this court finds this matter is before this court on
Petitioner's <u>motion</u> for civil contempt sanctions. (<u>See</u> Mot. for
Contempt (Doc. 18).) A court may proceed on a motion, and grant
relief, on the basis of affidavits. <u>See</u> Fed. R. Civ. P. 43(c)
("When a motion relies on facts outside the record, the court
may hear the matter on affidavits or it may hear it wholly or
partly on oral testimony or on depositions.") As a motion, the
current issues may be decided upon affidavits.

Nevertheless, at least one circuit has held that a motion
for civil contempt must be decided as a trial upon live
testimony as required by Fed. R. Civ. P. 43(a). In <u>Hoffman v.</u>
<u>NLRB</u>, 536 F.2d 1268 (9th Cir. 1976), the Ninth Circuit held

- 13 -

"that a civil contempt proceeding, which may lead to the assessment of a fine, is a trial within the meaning of Fed. R. Civ. P. 43(a), rather than a hearing on a motion within the meaning of Fed. R. Civ. P. 43(e) and that the issues may not be tried on the basis of affidavits." 536 F.2d at 1277 (citations omitted). The Sixth Circuit also seems to at least suggest that a trial is required if a party accused of contemptuous conduct denies the factual conduct. See Rogers v. Webster, 776 F.2d 607, 611-12 (6th Cir. 1985). This court agrees that disputed issues, even on a motion such as this, would likely have to be resolved by an evidentiary hearing with witness testimony.

However, the Sixth and Ninth Circuits both recognize that a court may consider affidavits in determining whether disputed issues exist that require resolution by a trial. See Rogers, 776 F.2d at 611 ("Likewise, we have no quarrel with the general view, that '[a] trial court may in a [civil] contempt proceeding narrow the issues by requiring that affidavits on file be controverted by counter-affidavits and may thereafter treat as true the facts set forth in uncontroverted affidavits.'" (citations omitted)); Hoffman, 536 F.2d at 1277 ("A trial court may in a contempt proceeding narrow the issues by requiring that affidavits on file be controverted by counter-affidavits and may

- 14 -

thereafter treat as true the facts set forth in uncontroverted affidavits.").

In this case, there are no controverted facts. Respondent neither disputes the existence of this court's prior order nor disputes that, following entry of that order, Respondent asserted his Fifth Amendment privilege and did not respond fully to all of the questions propounded by the IRS pursuant to the summons. To the contrary, Respondent appears to concede those facts, as for the Fifth Amendment privilege to be meaningful, it would have to involve some level of failing to respond to questions. Respondent manually filed a CD copy of his recording of the April 19, 2016 interview. (See Doc. 22.) This court reviewed that filing and finds that Revenue Agent Weeman's affidavit is consistent with Respondent's recorded evidence of what occurred during the interview. Consequently, there is no dispute that Respondent has failed to respond to the IRS as required.

## B. **Respondent's Notice of Right to Object and the Absence of an Offer of Appointed Counsel**

Also during the hearing, this court commented that the Magistrate Judge had issued a Recommendation that Respondent be ordered to respond to the questions propounded by the IRS and that no objection was made to that Recommendation. Respondent

- 15 -

commented that he did not know he could object to the Recommendation. While this court cannot say at this time what Respondent may have understood, he was advised of his right to object to the Recommendation.

The Recommendation was filed on December 18, 2015, (see Recommendation (Doc. 11)), and both the Recommendation and Notice of Mailing (Doc. 12), were personally served on Respondent by the United States Marshal.[3] (See Doc. 13.) On that same date, a Notice was served on Respondent by mail at that same address advising Respondent of his right to object to the Recommendation as provided by Fed. R. Civ. P. 72(b). (See id.) Because Respondent was served with a Notice advising him of his right to object to the Recommendation, this court finds Respondent's current claim that he did not know he could object to the Recommendation unpersuasive.

---

[3] In drafting this order, this court noticed there is a discrepancy between the address for Respondent as reflected in the records of the Clerk (see Docket, Respondent) and the address found on the Process Receipt and Return (Doc. 13) on the "Serve At" lines. It appears Respondent's correct address is 6706 Rosewood Drive as reflected on the Docket Sheet. However, it also appears clear that Respondent was personally served by the U.S. Marshal (Doc. 13). This court will direct the Clerk to contact the U.S. Marshal and confirm the service as to the Respondent for both the Recommendation, Notice of Mailing (Doc. 13), and this court's order dated March 28, 2016 (Doc. 16).

- 16 -

Respondent also noted during the August 1, 2016 hearing that he had never been offered counsel, that he was never told he could obtain counsel, and that he would need to have counsel appointed. First, Respondent's claim that he was never told he could have counsel is not persuasive. Respondent and his wife originally appeared pro se; however, Respondent's wife subsequently retained her own attorney, who appeared on her behalf at a hearing where both Respondent and his wife were present. (See Minute Entry 11/18/2015.)

Respondent's claim that he was never offered counsel is also irrelevant. As noted above, this is a civil matter, not a criminal matter, and Respondent does not have a general right to court-appointed counsel in a civil case. See, e.g., Mallard v. U.S. Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 298 (1989) (holding that a court cannot make compulsory assignments of attorneys in civil cases pursuant to the provision in 28 U.S.C. § 1915 (then codified at subsection (d), now set out in subsection (e)(1)).)

## C. Claim by Respondent that He Does Not Have Responsive Records

During the August 1, 2016 hearing, Respondent claimed that he did not have records responsive to the requests contained in the summons. It does not appear that Respondent raised this

- 17 -

allegation previously. To the contrary, the Magistrate Judge found in his Recommendation that "Mr. Lonnen did not invoke his Fifth Amendment privilege (at the IRS interview or the Court hearing) as to the production of documents requested in the summons." (Recommendation (Doc. 11) at 7 n.6.) "Thus, Mr. Lonnen should be ordered to produce such documents." (Id.)

Respondent's position with respect to producing the requested documents has generally been that the IRS, and specifically Revenue Officer Weeman, have failed to fulfill "responsibilities to be forthcoming with documents that are required, by Regulations and Statutes, before ANY collection process can commence." (See Response to Show Cause Order (Doc. 5) at 1.) In other words, Respondent contends he has no duty to maintain or produce any documents until the IRS meets certain obligations to Respondent.  In light of the Recommendation and this court's order, this court finds Respondent's objection has been overruled.

Respondent contended at the August 1, 2016 hearing for the first time that he does not actually possess any responsive documents. However, Respondent has not produced any evidence that he is presently unable to comply with this court's order to produce responsive documents. See, e.g., United States v.

- 18 -

Rylander, 460 U.S. 752, 761–762 (1983). As a result, this court finds Respondent's bare and belated objection on the basis that he has no documents insufficient to support a finding foreclosing any questioning about those documents or excusing production of the documents. As a result, Respondent must, at a minimum, respond to questions pursuant to the summons before this court will consider any claim that Respondent does not have any documents.

### D.   **Plaintiff's Fifth Amendment Assertion**

Finally, although it was addressed previously by the Magistrate Judge's Recommendation, this court notes that Plaintiff had no Fifth Amendment right to refuse to answer the questions listed in the Magistrate Judge's Recommendation. First, the questions related to a civil, and not a criminal, matter. While that fact alone does not foreclose the amendment's applicability, the right to invoke the Fifth Amendment in a civil proceeding only arises with a specific concern as to criminal liability in a criminal case and cannot be used to avoid civil liability. See Garner v. United States, 424 U.S. 648, 655 (1976)("Despite its cherished position, the Fifth Amendment addresses only a relatively narrow scope of inquiries. Unless the government seeks testimony that will subject its

– 19 –

giver to criminal liability, the constitutional right to remain silent absent immunity does not arise. An individual therefore properly may be compelled to give testimony, for example, in a noncriminal investigation of himself." (citation omitted)).

In order for a taxpayer to properly assert the Fifth Amendment in response to an IRS investigative request, they "must provide more than mere speculative, generalized allegations of possible tax-related prosecution. . . . [T]he taxpayer must be faced with substantial and real hazards of self-incrimination." United States v. Reis, 765 F.2d 1094, 1096 (11th Cir. 1985). Here, as the Magistrate Judge found, none of the questions asked by the IRS agent were "inherently incriminating in nature," nor was there any "contextual proof to show that the information sought [wa]s incriminating." (Recommendation (Doc. 11) at 6 (citation omitted).) Rather, the IRS sought information regarding Respondent's asset holdings, information that does not provide a real and substantial hazard of criminal prosecution. See United States v. Redhead, 194 F. App'x 234, 236 (5th Cir. 2006). The proponent must establish more than speculative or generalized allegations of the potential for self-incrimination. See id. Respondent failed to do that here.

As such, Respondent had no valid Fifth Amendment claim regarding the questions at issue.

## IV.  **SANCTION**

Petitioner originally requested a civil contempt sanction pursuant to which a contempt order would direct Respondent to obey the March 28, 2016 order within fourteen days and, if Respondent continued to refuse to comply, impose a fine in the amount of $50.00 per day doubling each day thereafter until Respondent fully complied.  (See Mot. for Contempt (Doc. 18) at 2.) While there is merit to this suggestion in some respects, this court finds incarceration should be imposed.

Monetary sanctions, as perhaps the least severe form of sanction, ordinarily might be an appropriate starting point. However, this court finds such a sanction to be of limited effect in this case in terms of coercing compliance with a court order. The underlying IRS matter is a collection case, within which the IRS is attempting to collect Respondent's "federal income tax debts for taxable years 2003, 2004, 2005 and 2006." (Weeman Decl. (Doc. 1-1) ¶ 2.) Petitioner is, therefore, apparently already indebted to the IRS and refuses to pay or cooperate in efforts to collect debts due and owing.  No evidence has been presented that might suggest that additional

- 21 -

debt, in the amount of any fine, would be collectable or have a significant impact on Respondent's decision to refuse to respond as required by the summons.  Therefore, this court will order that a warrant be issued for Defendant's immediate arrest and that he be held in jail as a coercive sanction for civil contempt unless and until he purges himself of contempt and complies with the summons.

**IT IS THEREFORE ORDERED** that Petitioner United States' Motion for Civil Contempt Sanctions Against Respondent Wayne C. Lonnen (Doc. 18) is hereby **GRANTED**. Respondent Wayne C. Lonnen is found in civil contempt for his continued refusal to respond to the IRS summons, a copy of which is attached hereto, with the requested records and testimony.

**IT IS FURTHER ORDERED** that Respondent Wayne C. Lonnen may only purge such contempt by complying with this court's order dated March 28, 2016, specifically obeying the Internal Revenue summons served on Respondent, by (1) producing to IRS Revenue Officer Karl D. Weeman, or any other person designated by the IRS, all books, records, papers, and other data that are demanded by the summons and that are in Respondent's possession, custody, or control; and (2) by contacting IRS Revenue Officer Karl D. Weeman, or any other person designated by the IRS, to

schedule an interview and by attending and fully answering all questions asked at such interview.

**IT IS FURTHER ORDERED** that a warrant be issued for Respondent Wayne C. Lonnen's immediate arrest. Respondent shall remain in the custody of the United States Marshal until such time as he purges himself of the herein described contempt or until this court determines that incarceration has proven futile as a method for coercing compliance with this court's March 28, 2016 order. (See Doc. 15.)

**IT IS FURTHER ORDERED** that this case shall remain open until such time as Respondent purges his contempt or further order is issued by this court.

**THE CLERK IS HEREBY DIRECTED** to contact the United States Marshal and confirm personal service as to the Respondent for the Recommendation (Doc. 11), Notice of Mailing (Doc. 13), and this court's order dated March 28, 2016 (Doc. 16).

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of this Order on Respondent, Wayne C. Lonnen, who is presently in their custody.

This the 8th day of August, 2016.

William L. Osteen, Jr.
_____
United States District Judge

- 23 -